1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
9                            AT TACOMA

10   L.M.,

11                    Plaintiff,                CASE NO. C09-5249BHS

12          v.

13   STATE OF WASHINGTON,                       ORDER GRANTING
                                                DEFENDANT'S FRCP 12(b)(6)
14                    Defendant.                MOTION TO DISMISS
                                                PLAINTIFF'S 42 U.S.C. § 1983
15                                              CLAIM AND GRANTING
                                                PLAINTIFF'S MOTION TO
16                                              AMEND COMPLAINT

17          This matter comes before the Court on Defendant's motion to dismiss (Dkt. 7) and

18   Plaintiff's motion to amend (Dkt. 7).  The Court has considered the pleadings filed in

19   support of and in opposition to the motions and the remainder of the file and hereby

20   grants the motions for the reasons stated herein.

21                    **I. FACTUAL AND PROCEDURAL BACKGROUND**

22          On April 6, 2009, Plaintiff L.M. filed a complaint in the Superior Court of the

23   State of Washington in and for the County of Pierce.  Dkt. 1 at 6-10 ("Complaint").

24   Plaintiff alleges that Defendant State of Washington is "liable for punitive damages,

25   attorney's fees and costs pursuant to 42 U.S.C. § 1983." *Id*. at 8, ¶ 5.2.  On April 28,

26   2009, Defendant removed the action to this Court.  Dkt. 1.

27

28

ORDER - 1

1    Plaintiff's claims are based on allegations of inappropriate sexual contact while

2  she was admitted to Western State Hospital.  On March 2, 2006, Plaintiff was admitted to

3  the hospital "for a mental health evaluation related to a criminal prosecution."  Complaint,

4  ¶ 3.2.  Plaintiff alleges that a psychiatric security agent, Warren Collie, "took advantage

5  of his employment position to have sexual contact with [Plaintiff] . . . ."  *Id.*, ¶¶ 3.3-3.4.

6    On May 12, 2009, Defendant filed an FRCP 12(b)(6) Motion to Dismiss Plaintiff's

7  42 U.S.C. § 1983 claim.  Dkt. 7.  On May 28, 2009, Plaintiff responded.  Dkt. 10.

8  Defendant did not file a reply.

9    On May 21, 2009, Plaintiff filed a Motion to Amend Complaint.  Dkt. 8.  On June

10  1, 2009, Defendant responded.  Dkt. 11.  On June 3, 2009, Plaintiff replied.  Dkt. 13.

11                              **II. DISCUSSION**

12  **A.    Motion to Dismiss**

13    Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

14  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

15  theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

16  Material allegations are taken as admitted and the complaint is construed in the plaintiff's

17  favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "Factual allegations must be

18  enough to raise a right to relief above the speculative level, on the assumption that all the

19  allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v.*

20  *Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

21  claim to relief that is plausible on its face."  *Id.* at 1974.

22    If a claim is based on a proper legal theory but fails to allege sufficient facts, the

23  plaintiff should be afforded the opportunity to amend the complaint before dismissal.

24  *Keniston*, 717 F.2d at 1300.  If the claim is not based on a proper legal theory, the claim

25  should be dismissed.  *Id.*

26    In this case, Defendant moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim

27  because the only defendant named in Plaintiff's complaint is the State of Washington.

28

ORDER - 2

1     Dkt. 7 at 1. Plaintiff concedes this issue and does not oppose Defendant's motion to

2     dismiss this claim. Dkt. 10 at 1. Therefore, the Court grants Defendant's motion to

3     dismiss Plaintiff's claim against the State of Washington.

4     **B.**       **Motion to Amend**

5          In considering whether to permit an amendment, courts consider the following

6     factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

7     amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v.*

8     *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

9          In this case, Plaintiff moves to amend her complaint by adding parties and alleging

10    additional facts in support of her § 1983 claim. Dkt. 8. Defendant objects to the

11    amendments because (1) the relevant statute of limitations bars the claims and (2)

12    Plaintiff should not be permitted to add "Doe" defendants. Dkt. 11 at 1-2. First,

13    construing the complaint in the light most favorable to Plaintiff, Defendant has failed to

14    show that Plaintiff's claims are barred by the statute of limitations. Therefore, the Court

15    is not persuaded, at this time, that Plaintiff's claims are futile.

16         Second, Plaintiff seeks to add named defendants JANE and JOHN DOE, who

17    allegedly were Mr. Collie's supervisors at the hospital. Dkt. 8 at 7, ¶ 3.10. To establish a

18    supervisor's liability under § 1983, the plaintiff must demonstrate that the official

19    "participated in or directed the violations, or knew of the violations and failed to act to

20    prevent them." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). In this case,

21    taking the allegations in the light most favorable to Plaintiff, she alleges that Jane and

22    John Doe "perpetrated the acts depriving plaintiff of her constitutional rights . . . ." Dkt. 8

23    at 7, ¶ 4.2. Therefore, Defendant has failed to show that Plaintiff's inclusion of these

24    defendants is futile or that Defendant is unduly prejudiced by these amendments.

25         The Court grants Plaintiff's motion to amend her complaint.

26    **III. ORDER**

27         Therefore, it is hereby

28

ORDER - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDERED** that Defendant's FRCP 12(b)(6) Motion to Dismiss Plaintiff's 42
U.S.C. § 1983 Claim (Dkt. 7) is **GRANTED** and Plaintiff's Motion to Amend Complaint
(Dkt. 8) is **GRANTED**.  Plaintiff shall file the amended complaint no later than June 17,
2009.

DATED this 10th  day of June, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4